```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

FRANCINE YATES,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  11 C 5053
                                 )
GEORGIAN TERRACE HOTEL,          )
et al.,                          )
                                 )
          Defendants.            )
```

MEMORANDUM ORDER

This Court had thought that its July 28, 2011 memorandum order ("Order"), denying the motion of pro se plaintiff Francine Yates ("Yates") to proceed in forma pauperis, was pretty much self-explanatory.  As the Order explained, there was no problem with Yates' demonstration that she qualified <u>financially</u> for in forma pauperis status--that is, that she could not pay the $350 filing fee in advance.  Instead Yates' problem was that her self-prepared Complaint was clearly frivolous in the legal sense, and that was true in a host of ways that this Court saw no need to spell out exhaustively.

Now Yates has filed another self-prepared document, this time captioned "Plaintiff's Motion To Approve the Informa [sic] Pauperis Application or Extend the Informa Pauperis Application's Deadline."  It is understandable that, as a nonlawyer, Yates is unaware that this District Court's local rules require that any motion must also specify a date when it is to be presented to the court, with the opposing party to be notified both of the motion

and of the proposed presentment date.  That, however, is not the real problem with her current motion.

Yates' difficulty is rather created by the fact that she has obviously not understood the message that this Court sought to convey in footnote 2 of the Order.  Accordingly, in her own interest this Court's perspective on the matter ought to be repeated in even more direct language.

On that score this Court's evaluation of what Yates has alleged is that if she were somehow able to obtain the funds for payment of the filing fee so as to bring her lawsuit into court, her case is so obviously unsustainable in this District Court that it would be doomed to dismissal in any event.  That means that she would have wasted money that she can ill afford to lose.[1]

This Court therefore denies Yates' motion to extend the deadline to pay the filing fee from August 25 to September 30 as she has asked.  What the Order has forecast if the fee is not

---

[1] Perhaps Yates may wonder why this Court has not so ruled from the very beginning, rather than setting a time within which the filing fee might be paid.  That is so simply because the only thing a court can decide when a plaintiff asks for in forma pauperis status is whether plaintiff is entitled to such treatment--a plaintiff's inability to pay the fee up front is not a legitimate ground for dismissing the lawsuit at that point, for every party has the right to pay the filing fee and allow the court to consider the lawsuit on its merits, even though that consideration will inevitably result in dismissal.

paid by August 25 remains in effect.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 11, 2011