IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCINE YATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 5053 |
| ) | |
| GEORGIAN TERRACE HOTEL, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM

Two memorandum orders issued by this Court (Order I dated July 28, 2011 and Order II dated August 11) characterized the self-prepared Complaint submitted by Francine Yates ("Yates") as frivolous in the legal sense, with Order II reconfirming that Yates must pay the $350 filing fee by August 25 on pain of dismissal of this action if she were not to do so. But later on the same August 11 day that Order II was issued, this Court received in chambers the Judge's Copy of an Amended Complaint ("AC") filed by Yates. Because that document is just as frivolous, and because Yates has obviously not gotten the message, some elaboration of that characterization may be appropriate.

To begin with, all of Yates' claimed grievances (save perhaps one) are Georgia-based, and she cannot of course sue the three Georgia defendants--the Georgian Terrace Hotel, the city of Atlanta and the State of Georgia--in this judicial district on that account. In that regard Yates' AC ¶3 allegation as to venue

("Venue is placed in this district because this district is where the related events listed below occurred and it is where the defendants reside") is just a flat-out lie.

As to the next-named defendant, Bank of America, it may be generally amenable to suit here, but whatever allegations Yates may have against it are also solely Atlanta-based. Before going further, this memorandum notes that Yates' repetitious assertions of "fraud" deprive that term of any meaningful content. Any objective reader of Yates' 24-page, 95-paragraph pleading has to conclude that she has instead confirmed Alexander Pope's aphorism that "All looks yellow to the jaundic'd eye."

As to the City of Chicago and the State of Illinois,[1] Yates refers to them frequently, but without saying a single word as to what either has assertedly done to her that could conceivably support liability on their part. As to them, "frivolous" is really a major understatement.

Finally, as to American Airlines, Yates' allegations in AC ¶¶27-29 throw around the same empty label of "fraud" and cannot support federal subject matter jurisdiction in any event, while AC ¶¶30-32 are trivial at best. Again the label "frivolous" applies in its common-sense meaning as well as its legal sense.

---

[1] As for the latter, even apart from what is said next in the text, the Supreme Court's application of the Eleventh Amendment of the Constitution confirms the State's nonsuability, and the same is true as to the State of Georgia under the literal language of that Eleventh Amendment.

In sum, nothing in the AC calls for any modification of what was said in Order I and Order II.  Indeed, it is scarcely surprising that this Court's minute clerk, having conducted a brief computer search at this Court's request, uncovered what appear to be nearly 20 other lawsuits that Yates has brought during the years from 2008 forward.  It seems likely that she has been fortunate to escape the imposition of sanctions under Fed. R. Civ. P. 11 or an order from the District Court's Executive Committee restricting her from further filings, or both.

_____
Milton I. Shadur
Senior United States District Judge

Date:   August 15, 2011